United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JESUS FRANCISCO RODRIGUEZ-TRUJILLO,** | § § § | |
| **Petitioner,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 5:26-CV-00200** |
| **KRISTI NOEM,** *et al.*, | § § § | |
| **Respondents.** | § § | |

**ORDER**

Pending before the Court is Jesus Francisco Rodriguez-Trujillo's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), Emergency Pro Se Motion for Temporary Restraining Order, (Dkt. 12), and Emergency Motion for Immediate Release due to Respondents' Non-Compliance and Contempt, (Dkt. 14), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

On February 17, 2026, Respondents filed an advisory with the Court indicating they would accept Petitioner's bond payment and release him. (Dkt. 13). On February 24, 2026, Respondents filed a second advisory with the Court indicating that on February 20, 2026, Petitioner was released from custody upon payment of a $20,000 bond. (Dkt. 15.) Respondents ask the Court to dismiss Petitioner's pending motions as moot. (*See id.*) The Court requested that Petitioner submit a reply and indicate whether he is opposed to dismissal of the petition as moot given the change in circumstances since filing his initial petition. (Dkt. 16.) The Court included that if Petitioner chooses not to file a reply by March 2, 2026, the Court may treat Respondents' argument that the

1 / 3

Petition should be denied as moot as unopposed. (*Id.* at 1.) As of the date of this Order, Petitioner has not filed a reply.

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, release from custody may render a habeas petition moot. *See Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022); *Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions . . . this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g., Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was released from custody on February 20, 2026, after ICE accepted his bond payment. (Dkt. 15 at 1.) Because Petitioner only challenged his continued detention after an Immigration Judge granted Petitioner bond and Petitioner has now been released from confinement, the Petition for Writ of Habeas Corpus, (Dkt. 1), is moot because there is no relief to be effectuated by the Court. Additionally, Petitioner's Emergency Motion for Temporary Restraining Order, (Dkt. 12), and Emergency Motion for Immediate Release, (Dkt. 14), are also moot.

Accordingly, it is **ORDERED** that this case is DISMISSED WITHOUT PREJUDICE as moot. The Clerk of Court is hereby DIRECTED to terminate the case and all pending motions.

Finally, the Clerk of Court is DIRECTED to send a copy of this Order to Petitioner by any receipted means at the following addresses:

**Jesus Francisco Rodriguez-Trujillo**
**13505 Burnet Rd**
**Apt. 6107**
**Austin, TX 78727**

**Jose R Santiago**
**Ste 230**
**24275 Katy Fwy**
**Katy, TX 77494-7259**

IT IS SO ORDERED.

SIGNED this May 18, 2026.

Diana Saldaña
United States District Judge

3 / 3